UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN PAUL GOMEZ,

        Plaintiff,     :

  v.                            Case No. 2:23-cv-1058
                              Judge Sarah D. Morrison
                              Magistrate Judge Chelsey M.
                              Vascura

DAVID RYAN, *et al.*,     :

        Defendants.

**OPINION AND ORDER**

John Paul Gomez filed this suit, without assistance of counsel, alleging that various individuals within Ohio's law enforcement and judicial institutions interfered with his constitutional rights as a parent. On review of his Amended Complaint, two things become clear: Mr. Gomez is a prolific litigant, and Mr. Gomez loves his children. But the law provides little recourse for the pain of a parent watching their child struggle through life.

Eleven motions are now ripe and pending, including motions to dismiss by six of the eight named Defendants. For the reasons below, those motions to dismiss are **GRANTED**. Mr. Gomez's motions for leave are **DENIED**, as is his motion for preliminary injunction.

I.      **BACKGROUND**

Mr. Gomez filed individual- and official-capacity claims against Patrolman David Ryan, Probation Officer Travis Stevens, Judge Dan Favreau, Clerk of Court Karen Starr, Judge John Nau, Judge David Bennett, and Magistrate Erin Welch,

along with claims against the Cambridge Police Department. (Am. Compl., ECF No. 8, ¶ 1.) He alleges that these Defendants, "individually and/or collectively," acted under color of law to deprive him of his constitutional rights to parent and raise his children, to due process, and to effective assistance of counsel. (*Id.*, ¶ 4.) The Amended Complaint spans nearly 70 pages, includes 145 pages of exhibits, and references several state-court dockets and decisions. For purposes of the pending motions, the Court accepts as true the factual allegations in Mr. Gomez's Amended Complaint. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). Those allegations are summarized below.

Mr. Gomez and his ex-wife, Dagmar Williams, have two children together—E.G. and N.G. (Am. Compl., ¶ 3.) Mr. Gomez and Mrs. Williams litigated their divorce and child custody cases in Noble County (OH) Court of Common Pleas. (*Id.*, ¶ 19.) But there have also been judicial proceedings in the Guernsey County (OH) Court of Common Pleas Juvenile Division, Muskingum County (OH) Court of Common Pleas Juvenile Division, Ohio Fifth District Court of Appeals, Ohio Seventh District Court of Appeals, Ohio Supreme Court, and Allegheny County (PA) Court of Common Pleas Family Division. (*Id.*, *passim*.)

Judge Nau of Noble County granted Mr. Gomez and Mrs. Williams a divorce on February 17, 2006. (*Id.*, ¶ 19.) He awarded Mrs. Williams custody of the children. (*Id.*) Concerned about his ex-wife's ability to care for the children, and certain that they would be better off living with him in Pennsylvania, Mr. Gomez appealed the custody determination. (*Id.*; *see also id.*, ¶¶ 63–64.) The Seventh District affirmed

2

Judge Nau's decision. (*Id.*, ¶¶ 19–20.) Judge Favreau, a visiting judge in Noble County, later took over the case. (*Id.*, ¶ 39.)

For years, Mr. Gomez pursued custody in litigation and appeals. Custody of E.G. was before a court as recently as 2019. (*Id.*, ¶ 12(t).) Judge Kathryn Hens-Greco, of Allegheny County, issued a Protection from Abuse Order ("PFA") against Mrs. Williams on October 1, 2019. (*Id.*, ¶ 12(r).) Mrs. Williams was later arrested for violating the PFA. (*Id.*, ¶ 12(x).) After one such arrest on October 30, 2019, Judge Bennett of Guernsey County (in consultation with Judge Favreau) released E.G. to Mrs. Williams, despite the PFA. (*Id.*, ¶ 164.)

Adding to Mr. Gomez's legal troubles, delinquency proceedings began against E.G. in December 2019. (*Id.*, ¶ 143.) Judge Bennett presided over the case and adjudicated E.G. delinquent. *See In the Matter of E.G.*, Nos. 20CA12, 20CA16, 2021 WL 1100694, at ¶ 3 (Ohio Ct. App. Mar. 22, 2021). Mr. Gomez appealed to the Fifth District, which affirmed. *Id.* ¶ 32. A second delinquency case was filed against E.G. in March 2021. (Am. Compl., ¶ 107.) Judge Bennett first heard the case, but later transferred it to Muskingum County. *See In the Matter of E.G.*, No. CT2022-0058, 2023 WL 3018258, at ¶ 4 (Ohio Ct. App. Apr. 19, 2023). Magistrate Welch then presided over the action, where she received E.G.'s guilty plea and sentenced him to 119 days of time served. *Id.* ¶ 5. (*See also* Am. Compl., ¶ 202.) E.G. then appealed to the Fifth District, which dismissed the appeal. 2023 WL 3018258, at ¶ 15. The Ohio Supreme Court declined review. (Am. Compl. ¶ 224.) Mr. Gomez tried to help his

3

son in the litigation—he was ultimately accused of engaging in the unauthorized practice of law. (*Id., e.g.*, ¶ 178.)

Mr. Gomez asserts that E.G.'s constitutional rights were violated during these proceedings, including that he was deprived of due process and effective assistance of counsel. (*Id.*, ¶ 116.) Mr. Gomez also asserts that several defendants colluded to charge E.G. after a series of events set off by a 9-1-1 call—the substance of which Mr. Stevens allegedly mispresented to Judge Bennett. (*Id., e.g.*, ¶ 177.) A recording of the 9-1-1 call was made available to Mr. Gomez in February 2023. (*Id.*, ¶116.) Soon after, he filed this action.

## II. PROCEDURAL MOTIONS

Three of Mr. Gomez's pending motions are procedural. First, Mr. Gomez moves for leave to exceed 21 pages. (ECF No. 64.) Because there is no rule or Court order limiting the number of pages for response briefs, the motion is **DENIED as moot**. Next, Mr. Gomez moves for leave to file sur-replies. (ECF Nos. 71, 75.) The Court has discretion to deny leave to file a sur-reply when the opposing party's reply did not raise new legal arguments or introduce new evidence. *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003)); *see also* S.D. Ohio Civ. R. 7.2(a)(2). Defendants' reply briefs do not raise new legal or factual arguments. Thus, there is no reason for a sur-reply. Mr. Gomez's motions are **DENIED**.

4

### III.   MOTIONS TO DISMISS

####   A.   Legal Standards

Though the specific arguments presented in the motions to dismiss vary by Defendant, they all invoke Rules 12(b)(1) and 12(b)(6).

#####     1.   Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when a court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack "questions merely the sufficiency of the pleading"—thus the trial court takes the allegations of the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A factual attack challenges the factual existence of subject matter jurisdiction, such that no presumption of truth applies to the alleged facts. *Ritchie*, 15 F.3d at 598. When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

A motion to dismiss under the *Rooker-Feldman* doctrine is a facial attack on subject matter jurisdiction. *See Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 936–37 (6th Cir. 2002); *King v. CitiMortgage, Inc.*, No. 2:10-CV-01044, 2011 WL 2970915, at *5 (S.D. Ohio July 20, 2011) (Graham, J.). The *Rooker-Feldman* doctrine originates from two Supreme Court decisions: *Rooker v. Fid. Tr. Co.*, 263

5

U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In each case, the Court held that federal district courts lack appellate jurisdiction over state court decisions. *Rooker*, 263 U.S. at 415–16; *Feldman*, 460 U.S. at 482.

The Supreme Court revisited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). In *Exxon*, the Supreme Court stated that the *Rooker-Feldman* doctrine

> is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284. Further, "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293 (internal quotations and citations omitted) (cleaned up). The Sixth Circuit thus applies *Rooker-Feldman* "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). In its view, "[t]he key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2007).

### 2. Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and

6

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a

7

recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

    B.    Analysis

        1.    **This Court lacks subject-matter jurisdiction to hear the claims against the Judicial Officer Defendants.**

Four of the named Defendants are judicial officers within the Ohio state courts. David Bennett[1] is a Guernsey County Juvenile Court Judge; Erin Welch[2] is a Magistrate in the Muskingum County Court of Common Pleas, Juvenile Division; John Nau[3] (now retired) was a Noble County Court of Common Pleas Judge; and Dan Favreau[4] (also retired) was a Morgan County Court of Common Pleas Judge. Judges Nau and Favreau took part in Mr. Gomez's divorce and custody litigation. Judge Bennett and Magistrate Welch took part in E.G.'s delinquency case. The Court will call them the Judicial Officer Defendants.

---

[1] Mr. Gomez alleges that Judge Bennett improperly released E.G. to Mrs. Williams (Am. Compl., ¶ 100); appointed counsel that did not diligently represent E.G. (*id.*, ¶¶ 102–04, 110); and unlawfully discriminated against Mr. Gomez by ruling in Mrs. Williams's favor (*id.*, ¶¶ 115–17, 122, 194).

[2] Mr. Gomez alleges that Magistrate Welch improperly detained E.G. (*id.*, ¶ 202); violated E.G.'s speedy trial rights (*id.*, ¶ 205); and appointed counsel and a guardian ad litem for E.G. that were ineffective (*id.*, ¶ 204).

[3] Mr. Gomez alleges that Judge Nau unlawfully discriminated against him by ruling in Mrs. Williams's favor. (*See, e.g., id.*, ¶¶ 7–8.) He also alleges that Judge Nau "handpicked Judge Favreau to continue the pattern" of unlawful discrimination. (*See, e.g., id.*, ¶ 24(h).)

[4] Mr. Gomez alleges that Judge Favreau improperly heard his case (*id.*, ¶ 12(a)) and unlawfully discriminated against him by ruling in Mrs. Williams's favor. (*Id.*, ¶¶ 10, 12(a), 37, 58.)

8

Mr. Gomez's claims against the Judicial Officer Defendants are all based on contentions that they erred in their rulings in the state court proceedings before them. Those rulings are the source of Mr. Gomez's alleged injury.[5] Though styled as § 1983 claims vindicating his parental rights, Mr. Gomez functionally seeks appellate review of the Judicial Officer Defendants' judgments in state-court proceedings. This Court lacks jurisdiction to do so. Because the claims fall under *Rooker-Feldman*, they must be **DISMISSED**. The Judicial Officer Defendants' Motions to Dismiss (ECF Nos. 44, 45, 55, 56) are **GRANTED**.

### 2. The Court Employee Defendants are immune from suit.

Mr. Stevens and Ms. Starr also move for dismissal.[6] They are both state-court employees: Mr. Stevens as a Guernsey County Juvenile Court Probation Officer, and Ms. Starr as Noble County Clerk of Courts. The Court will thus refer to them as the Court Employee Defendants. Though the claims against Mr. Stevens and Ms. Starr are factually unrelated, they fail for the same legal reasons.

#### a) Statute of Limitations

First, parts of Mr. Gomez's claims are barred by the statute of limitations. An individual may sue for a violation of his constitutional rights under 42 U.S.C.

---

[5] Even if this Court were to find that *Rooker-Feldman* poses no jurisdictional bar to Mr. Gomez's claims, the Judicial Officer Defendants are each entitled to absolute judicial immunity. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.").

[6] Mr. Stevens filed an amended motion to dismiss clarifying that he seeks to dismiss the Amended Complaint. His original Motion to Dismiss (ECF No. 10) is thus **DENIED as moot**.

9

§ 1983. "Section 1983 claims brought in a federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.10." *Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004); *see also Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Mr. Gomez filed this action on March 24, 2023. (ECF No. 1.) His claims against the Court Employee Defendants are thus **DISMISSED** to the extent that they arose before March 24, 2021.

That leaves Mr. Gomez's allegations that:

- Mr. Stevens mischaracterized a 9-1-1 call during a December 9, 2019 detention hearing. (Am. Compl., ¶¶ 124, 126.) Arguably, Mr. Gomez did not discover the alleged misrepresentation until he received a recording of the call in February 2023. (*See id.*, ¶¶ 130–31.) *See Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (noting that Sixth Circuit § 1983 caselaw generally applies the "discovery rule: that the claim accrues when the plaintiff knows of, or should have known of, that cause of action").

- Ms. Starr failed to immediately provide Mr. Gomez with certain public records in May 2023 (after this action was filed, but before the operative Amended Complaint). (*Id.*, ¶¶ 84–92.)

### b) Eleventh Amendment Immunity

Next, the Eleventh Amendment bars Mr. Gomez's official-capacity claims against the Court Employee Defendants. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. CONST. Amend. XI. "This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treas.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal

10

citations omitted). The prohibition extends to official-capacity claims because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Sixth Circuit has held that Ohio courts "are arms of the state for purposes of § 1983 liability and the Eleventh Amendment." *Williams v. Leslie*, 28 F. App'x 387, 389 (6th Cir. 2002). And so are those courts' clerks and probation officers, "at least when they conduct the business of the court or other duties mandated by state law." *Id.*; *see also Beckham v. City of Euclid*, No. 1:14 CV 696, 2015 WL 9480682, at *7 (N.D. Ohio Dec. 29, 2015).

Mr. Gomez's official-capacity claims against the Court Employee Defendants are thus **DISMISSED**.

### c) Qualified Immunity

Finally, the Court Employee Defendants are entitled to qualified immunity against the individual-capacity claims. Courts ask two questions to determine whether a defendant is entitled to qualified immunity: first, whether the facts alleged "make out a violation of a constitutional right" and, second, whether that right was "'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). It does not matter which question is addressed first; both must be satisfied for immunity to attach. *Id.* at 236. When a defendant raises qualified immunity, the plaintiff bears the burden of proving that the defendant is not entitled to the defense. *Baker v. City of Hamilton*, 471 F.3d 601, 605 (6th Cir. 2006). At the motion-to-dismiss stage, the relevant inquiry is whether the plaintiff has alleged "facts which, if true, describe a violation of a

11

clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known." *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986).

### (1) Clearly Established Constitutional Right

Mr. Gomez alleges that the Court Employee Defendants deprived him of the right to parent his children.[7] The right of parents to raise their children is a due process right which is clearly established. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (explaining that "the interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by this Court"); *but see Kottmyer v. Maas*, 436 F.3d 684, 690 (6th Cir. 2006) (noting that, while "the Supreme Court has yet to articulate the parameters of this right[,]" it is "clear that the right to family integrity, while critically important, is neither absolute nor unqualified").

### (2) Violation Thereof

The rights at issue are Mr. Gomez's rights as a parent. The Sixth Circuit recently held that "substantive due process claims based on the right to family integrity require that the [defendant] state official act with a culpable state of mind directed at the family relationship." *Chambers v. Sanders*, 63 F.4th 1092, 1100 (6th

---

[7] It is unclear whether Mr. Gomez seeks to vindicate another due process right as against Ms. Starr. (*See* Am. Compl., ¶ 96 ("As I litigate this cause, Ms. Starr cannot continue to deny me access to record and information including all named Defendants herein. This trend of depriving me information I am entitled denies me due process.").) It is also unclear whether that other due process right is substantive or procedural. In any case, there are no facts alleged that support an inference that Ms. Starr violated Mr. Gomez's substantive or procedural due process rights.

12

Cir. 2023). "[A]ctions that collaterally impact the family relationship" will not support a claim to vindicate those rights. *Id.*; *see also id.* at 1101 ("[M]erely negligent conduct cannot give rise to a due process violation. *A fortiori*, a mere incidental harm cannot give rise to due process violation.") (citations omitted). None of the facts alleged in Mr. Gomez's Amended Complaint support an inference that Ms. Starr or Mr. Stevens *directed* their actions *at* the relationship between Mr. Gomez and his son. Their actions may have affected Mr. Gomez in his capacity as E.G.'s father—but, if they did, it was incidental to their purpose. Thus, the Amended Complaint fails to allege a violation of Mr. Gomez's clearly established constitutional rights.

The Court Employee Defendants enjoy qualified immunity from the individual-capacity claims alleged. Those claims must be **DISMISSED**. Ms. Starr's Motion to Dismiss (ECF No. 51) and Mr. Stevens's Amended Motion to Dismiss (ECF No. 15) are **GRANTED**.

**IV.    MOTION FOR PRELIMINARY INJUNCTION**

Mr. Gomez filed a Motion for Preliminary Injunction seeking to compel Magistrate Welch to produce court recordings. (ECF No. 57.) Federal Rule of Civil Procedure 65 governs preliminary injunctions. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "The purpose of a preliminary injunction, unlike a permanent one, is to prevent any violation of the plaintiff's rights before the district court enters a final judgment." *Resurrection*

13

*Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 372 (2022) (quotation and citation omitted). To determine the propriety of a preliminary injunction, the Court examine four factors: (1) whether the plaintiff has established a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury if a preliminary injunction did not issue; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served if the court were to grant the requested injunction. *Overstreet*, 305 F.3d at 573. "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*.

Given the Court's determination that it lacks subject-matter jurisdiction over Mr. Gomez's claims against Magistrate Welch, *see* § III.B.1, *supra*, his motion for this extraordinary relief against her is unavailing. Mr. Gomez's Motion for Preliminary Injunction is **DENIED**.

## V. CONCLUSION

For the reasons above, Judge Bennett's Motion to Dismiss (ECF No. 44) is **GRANTED**; Magistrate Welch's Motion to Dismiss (ECF No. 45) is **GRANTED**; Judge Nau's Motion to Dismiss (ECF No. 55) is **GRANTED**; and Judge Favreau's Motion to Dismiss (ECF No. 56) is **GRANTED**. Further, Mr. Stevens's Motion to Dismiss (ECF No. 10) is **DENIED as moot** and his Amended Motion to Dismiss (ECF No. 15) is **GRANTED**. Finally, Ms. Starr's Motion to Dismiss (ECF No. 51) is **GRANTED**.

As to Mr. Gomez, his Motion for Preliminary Injunction (ECF No. 57) is **DENIED**; his Motion for Leave to file Excess Pages (ECF No. 64) is **DENIED as moot**; and his Motions for Leave to File Sur-Replies (ECF Nos. 71, 75) are **DENIED**.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE